IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DALI WIRELESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CORNING, INC. and CORNING OPTICAL COMMUNICATIONS LLC, <br><br> Defendant. | Civil Action No.: 6:20-CV-1108-ADA <br><br> **JURY TRIAL DEMANDED** |

**CORNING'S OPPOSITION TO
DALI'S MOTION TO ENTER A SCHEDULING ORDER**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. PROCEDURAL BACKGROUND...................................................................................... 1

III. ARGUMENT........................................................................................................................ 2
    A. Dali's Proposed Schedule Was Not Entered in the Prior Case And Corning Does Not Agree to It in this Case ........................................................................ 3
    B. Dali's Request For An Accelerated Procedural Schedule Is Unwarranted............. 4
    C. Dali's Accelerated Procedural Schedule Will Compound the Prejudice to Corning ................................................................................................................... 6

IV. CONCLUSION.................................................................................................................... 8

I.     **INTRODUCTION**

Dali's Motion[1] asks this Court for special treatment in the form of an accelerated procedural schedule from what it would ordinarily be entitled to for a case filed just this month. Notably, the procedural schedule Dali proposes was *not entered* in the prior case, and Corning *does not agree to its entry in this case*. In its Motion, Dali asks this Court to aggravate the prejudice Corning already experienced as a result of Dali's actions while simultaneously "wiping out" any consequence of its mistake. Corning, on the other hand, seeks only to have this case treated like any other case that was filed on December 4, 2020.

II.    **PROCEDURAL BACKGROUND**

The procedural background of this case cannot be separated from the history of Dali's other assertions against Corning. A brief history of Dali's halting approach to litigation against Corning follows:

| Date | Court | Case No. | Action |
|---|---|---|---|
| 12/30/2019 | W.D. of North Carolina | 3:19-cv-714 | Dali files a Complaint against Corning alleging infringement of U.S. Patent Nos. 10,159,074 ("the '074 patent") and 9,769,766 ("the '766 patent"). |
| 4/30/2020 | W.D. of North Carolina | 3:19-cv-714 | Dali files an **Amended** Complaint **dropping both the '074 and '766 patents**, and adding U.S. Patent Nos. 10,433,261 ("the '261 patent"), 9,197,358 ("the '358 patent"), and 10,506,454 ("the '454 patent"). |
| 5/1/2020 | W.D. of North Carolina | 3:19-cv-714 | The Court issues an **Order to Show Cause** why Dali did not serve the original Complaint on Corning within the required time limit. |
| 7/22/2020 | W.D. of North Carolina | 3:19-cv-714 | The Magistrate Judge recommends the case be **transferred to the Northern District of California**. |
| 9/9/2020 | W.D. of Texas | 6:20-cv-827 | Dali files a Complaint against Corning **alleging infringement of the '766 patent for the second time** U.S. Patent No. 9,826,508 ("**the '508 patent**"). |
| 9/11/2020 | W.D. of North | 3:19-cv-714 | The Court adopts and affirms the Magistrate's recommendation on transfer. |

---

[1] Dkt. No. 7.

1

| | Carolina | | |
|---|---|---|---|
| 9/15/2020 | W.D. of Texas | 6:20-cv-827 | Dali applies for a summons in the newly filed Texas case. |
| 10/8/2020 | W.D. of Texas | 6:20-cv-827 | Dali seeks leave to amend the Complaint to **drop the '766 patent for a second time.** |
| 10/12/2020 | W.D. of Texas | 6:20-cv-827 | Dali files a corrected request to amend the Complaint to **drop the '766 patent for a second time.** |
| 10/15/20 | N.D. of California | 3:20-cv-6469 | The California Court sets a procedural schedule in the case transferred in from North Carolina. |
| 11/13/2020 | W.D. of Texas | 6:20-cv-827 | Corning files its Answer. |
| 11/23/2020 | W.D. of Texas | 6:20-cv-827 | This Court sets a Markman Hearing |
| 12/4/2020 | W.D. of Texas | 6:20-cv-1108 | Dali files a **new, separate case asserting the '508 patent against Corning**, despite the fact that the -827 case asserting the '508 patent against Corning remains pending in the same Court. |
| 12/7/2020 | W.D. of Texas | 6:20-cv-827 | CMC deemed to have occurred in the -827 case. |
| 12/9/2020 | W.D. of Texas | 6:20-cv-1108 | Dali files a **motion for entry of a scheduling order in the -1108 case**. |
| 12/9/2020 | W.D. of Texas | 6:20-cv-827 | Dali files a **motion to dismiss the -827 case**. |

In its Motion, Dali states that it filed the Complaint in the -1108 case "in light of a since-cured standing defect regarding which Dali corporate entity is presently assigned the asserted U.S. Patent No. 9,826,508." Motion at 2. Stated more directly: Dali lacked standing to file its Amended Complaint in the -827 case. Notably, as the above table shows, Dali filed the -1108 case while the -827 case was still pending, and at no point sought to cure its lack of standing in the -827 case before filing the -1108 case and voluntarily dismissing the -827 case.

### III.    ARGUMENT

Dali tried suing Corning in North Carolina on one set of patents, changed its mind on what patents it wanted to assert, got transferred to California, went forum shopping and sued on different patents in Texas, changed its mind again regarding what patents it wanted to assert, and then sued

2

Corning again in Texas on the same patent because it lacked standing in the earlier-filed case in Texas. Now, Dali files a Motion seeking to import a procedural schedule from a case that it apparently had no right to bring, while arguing that "judicial efficiency" justifies accelerating the -1108 case. Dali's request for special treatment to account for its own mismanagement of its case should be denied.

### A. Dali's Proposed Schedule Was Not Entered in the Prior Case and Corning Does Not Agree to It in This Case

The Court did ***not enter*** a procedural schedule in the -827 case, and ***no proposed schedule was presented to the Court***. Instead, the Court entered Markman and Trial dates based on the filing of a Complaint that we now know to have been filed without standing.

There is no dispute that Dali lacked standing to file the operative pleading—the Amended Complaint—in the -827 case. Motion at 2. "[S]tanding is to be determined as of the commencement of suit." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 571 (1992). "[I]n order to assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent *at the inception of the lawsuit*." *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003) (emphasis in original). And although Dali declined to provide details, it appears that this lack of standing was not the result of some nuanced or convoluted licensing arrangement. Instead, it appears that despite representing that "Dali is the owner of all right, title and interest in and to the '508 patent with the full and exclusive right to bring suit to enforce the '508 patent," Dali had simply not done its homework to make sure that the Plaintiff entity actually owned the patent. *See* Complaint, Dkt. No. 1 in Case No. 6:20-cv-827; see also Motion at 2.

The Trial and Markman dates in the -827 case were set by the Court following a Joint Case Readiness Status Report (Dkt. No. 22). Those dates were precipitated by the filing of an Amended Complaint that Dali apparently had no right to file. And although Corning was willing to be

3

reasonable and work with Dali to arrive at a procedural schedule in the -827 case that was consistent with those dates, it absolutely ***would not have agreed*** to the proposed schedule in the -827 case had it been advised that Dali lacked standing.  Notably, Dali notified Corning of the standing issue on the morning of ***same day*** that it filed the Complaint in the -1108 case and sought our agreement to its proposed schedule in the -1108 case.  Dali makes no representation of when it discovered the standing issue, much less when it cured the fatal defect in its case, but as a matter of law it had to be prior to filing the Complaint in the -1108 case that it claims addressed the "since-cured" standing defect.  Motion at 2; *see Lujan*, 504 U.S. at 571 ("[S]tanding is to be determined as of the commencement of suit.").  Evidently, and without any explanation to the contrary having been offered, Dali negotiated a procedural schedule in a case that it knew should not have been filed, only to later use that agreed-to procedural schedule to advocate for an accelerated schedule in a subsequently filed case.  When viewed in the context of Dali's serial filings and forum shopping, Dali's conduct reflects dubious tactics that should not be rewarded.

    **B.**  **Dali's Request for an Accelerated Procedural Schedule Is Unwarranted**

Dali asks the Court to enter a procedural schedule in this case despite the following facts:

- This case was only filed on December 4, 2020
- Service on Corning was not effected until December 9, 2020
- Corning's response to the Complaint is not due until December 30, 2020
- The Case Readiness Status Report would not be due until January 7, 2021, and a CMC would likely not occur (or be deemed to have occurred) before March 1, 2021

Dali's motion requests that all deadlines in the -1108 case be moved up by at least three months from what they would normally be.  Dali's motion does not provide an affirmative reason why the schedule must be accelerated in this case other than to say that moving the schedule "would serve justice and promote judicial efficiency."  This argument is tenuous, at best.

4

Dali's history of filing Complaints, as shown above, is anything but "efficient" and belies any sense of urgency on Dali's part.  Dali has now filed *five* Complaints against Corning in *three* different cases across *two* different districts, and one of those cases was transferred to a different jurisdiction.  A substantial portion of 2020 has been spent by Dali filing Complaints and cycling patents in and out of cases before Corning could even answer those Complaints.  Its efforts to forum-shop have resulted in a Court having to hear—and grant—a motion to transfer, and its idleness caused one Court to issue an order to show cause to explain why Dali was not serving the Complaint.  If Dali was concerned with the speedy and efficient administration of justice, it should have figured out what patents to assert and what venue to use before serially filing Complaints.[2]  It did neither.

Dali's suggestion that its Motion will save "costly and disruptive motion practice to cure a technical defect" misses the point.  First, nobody is forcing Dali to seek an expedited procedural schedule in the -1108 case.  Dali is the party seeking leave to deviate from the standard case management track in order to accelerate the schedule in what is already one of the fastest courts in the nation.  Nothing about Dali's motion is necessary; it filed a new case, and it will get a schedule in the ordinary sequence of events.

In addition, Dali's argument that accelerating the schedule in the -1108 case will promote "judicial efficiency" by avoiding "costly and disruptive motion practice to cure a technical defect" is misplaced.  Lack of standing is not a picayune "technical defect" as Dali states. Mot. at 2.  It was a fundamental and fatal flaw in Dali's case.[3]  Moreover, it was Dali that wasted judicial

---

[2] Justice delayed is indeed justice denied, unless the party seeking "justice" is the cause of the delay.

[3] Dali suggests that it might have been able to cure its standing issue in the -827 case.  The Court need not resolve that question since Dali already moved to dismiss that case, but Corning notes that the fact that Dali did not even attempt to cure the standing problem in the -827 case—even

5

resources—not to mention those of the parties—by bringing a case it had no right to bring: "Standing doctrine functions to ensure, among other things, that the scarce resources of the federal courts are devoted to those disputes in which the parties have a concrete stake." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 191 (2000). It now compounds that wasteful exercise by seeking relief it is does not require and to which it is not entitled. This case is a new, separate case, and should be treated as such.

### C. Dali's Accelerated Procedural Schedule Will Compound the Prejudice to Corning

Lacking a principled basis why it needs or is even entitled to an accelerated schedule in its newly filed case, Dali turns to arguing that Corning will not be prejudiced by its proposed schedule. Dali is wrong.

As an initial matter, Corning has already been prejudiced through Dali's decision to file a case for which it lacks standing. In addition to having to incur costs to defend a case that Dali had no right to bring in the first place, the one-year bar date to file an IPR began running when Dali filed its improper Complaint in September. 28 U.S.C. § 315 starts the one-year bar timer running on "the date on which the petitioner is served with a complaint alleging infringement of the patent." Unfortunately, nothing in § 315 exempts the situation where a patentee lacks standing to file the complaint that triggers the clock.

Moreover, granting Dali's request for an expedited procedural schedule in the –1108 case would negatively impact the PTAB's analysis of the *Fintiv* factors laid out in *Apple Inc. v. Fintiv,*

---

after Corning indicated that it would not agree to an expedited schedule in the -1108 case—belies Dali's suggestion that this would have been successful. In any event, Dali is wrong. "[S]tanding is to be determined as of the commencement of suit." *Lujan*, 504 U.S. at 571 (1992). "[I]n order to assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent *at the inception of the lawsuit*." *Paradise Creations*, 315 F.3d at 1309 (Fed. Cir. 2003) (emphasis in original).

*Inc.*, IPR2020-00019, Paper 11 (PTAB Mar. 20, 2020) (precedential). This would undermine Corning's ability to avail itself of the full range of defenses and litigation strategies to which it would otherwise be entitled. Entry of an accelerated procedural schedule negotiated—but not entered—in the -827 case would reward Dali for filing a Complaint erroneously claiming that "Dali is the owner of all right, title and interest in and to the '508 patent with the full and exclusive right to bring suit to enforce the '508 patent." Complaint, Dkt. No. 1 in Case No. 6:20-cv-827. Corning has already been prejudiced by Dali's actions, and entering Dali's accelerated schedule will exacerbate that prejudice.[4]

Corning would also be prejudiced by Dali's proposed accelerated schedule insofar as it would have less time to investigate prior art and to prepare its defenses. It is no secret that a defendant—in the overwhelming majority of cases—wants a longer procedural schedule to prepare its case. Corning is no different here. Presumably Dali's decision to file a Complaint for which it lacked standing was nothing more than a mistake. But it was a *significant* mistake; as noted above, Dali's lack of standing was fatal to its claims in the -827 case. Dali now asks the Court to wipe away this mistake by taking away months of additional time that Corning would normally have to prepare its case. A *significant* mistake like Dali's should have consequences, and Corning is not asking the Court for disproportionate consequence. In this case, the very mild consequence that Corning believes is appropriate is that this case be treated like any other case in this Court instead

---

[4] Corning notes that Dali's actions also prejudiced Corning's ability to seek declaratory relief in a different district, such as the Northern District of California where a case between the parties is already pending. Dali filed claims on the '508 patent in this district when it lacked standing, and then filed an identical case in this district *before* seeking dismissal of the prior case, presumably to maintain "first filed" case status to defeat a declaratory judgment action in a different venue. Whether the Court enters Dali's proposed procedural schedule will not substantively affect this analysis, but Corning highlights it for the Court as an additional prejudice caused by Dali's conduct.

7

of receiving special treatment and having the schedule in this case be accelerated. To do otherwise would deprive Corning of the time it would otherwise have to defend its case as a result of Dali's blunder.

## IV.  CONCLUSION

Dali's request for special treatment in the form of an accelerated procedural schedule should be denied.

Dated: December 16, 2020

Respectfully submitted,

By: */s/ Ross R. Barton*
Michael J. Newton (TX Bar No. 24003844)
**ALSTON & BIRD LLP**
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201-2748
Phone: (214) 922-3423
Fax: (214) 922-3899
mike.newton@alston.com

Ross R. Barton (NC Bar No. 37179)
**ALSTON & BIRD LLP**
101 South Tyron Street, Suite 4000
Charlotte, North Carolina, 28280
Phone: (704) 444-1287
Fax:    (704) 444-1111
ross.barton@alston.com

*Attorneys for Corning, Inc. and Corning Optical Communications LLC*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document was served electronically on December 16, 2020, on all counsel who have consented to electronic service.

*/s/ Ross R. Barton*